## BARRETT CLARK

*v.*

## WILLIAM LAUGHLIN.

1. CHANCERY—*error in master's report.* Where a party to a suit in chancery fails to except to the master's report of the sum due him, he will be precluding from objecting in this court that there was a greater sum due him than was allowed.

2. REDEMPTION FROM MORTGAGE—*tax title.* Where a party made a mortgage of land by a deed absolute on its face, and the mortgagee gave a bond obligating himself to convey ᵢback the premises on payment of the debt, free from all incumbrance, by deed with full covenants of warranty, and afterward acquired a tax title to the premises, the court, on bill to redeem, allowed the mortgagee the sum advanced for the tax title, and required him to convey the whole title, which the mortgagee assigned for error: *Held,* that under the terms of his bond there was no error.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. R. E. BARBER, for the appellant.

Mr. H. B. GODARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity brought by Laughlin, the appellee, to redeem from a deed of mortgage.

The conveyance was, in form, a warranty deed given by Laughlin and wife to Clark, the appellant, with a bond for reconveyance by the latter, and is recognized by both parties as a mortgage. The court below so found, and ordered a reference to the master to compute the amount due to Clark, and, upon the coming in of the master's report, rendered a decree against Laughlin for the sum reported by the master to be due from him.

The first point of error which the appellant urges is, that

there was a greater amount due to him than that reported by the master ; as to which it will suffice to say that no exceptions were taken to the master's report in the court below, and it can not be questioned for the first time in this court. *Reigard* v. *McNeil,* 38 Ill. 401.

The land had been sold at a tax sale, for the taxes of 1860, and purchased by one Peaselee, who assigned the certificate of purchase to Clark, who obtained from the sheriff a tax deed ; and it is urged as another ground of error that the tax title was disallowed by the court as being a valid paramount one in Clark, and he was allowed a credit for the amount he advanced for its purchase.

Without considering the question as to whether a mortgagee can buy in an outstanding title and hold it against the mortgagor, Clark had here given a bond for the recoveyance of the land, free from all incumbrances, with full covenants of warranty.

Under the conditions of his bond he was required to transfer this title to Laughlin upon payment of the mortgage debt, and he must be taken to have acquired it for that purpose, or to extinguish it for the benefit of Laughlin.

Laughlin, it seems, had made a parol agreement to pay the taxes, which was no more than his duty as mortgagor required him to do ; but the only effect of his failure to do so was to give Clark the right to be reimbursed what he paid to obtain the tax title.  This the decree allowed.

Finding no error in the record, the decree is affirmed.

*Decree affirmed*